


_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
September 06, 2013

Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
Email: bkfilings@s-mlaw.com

*Proposed Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>XTREME GREEN PRODUCTS, INC.,<br><br>　　　　　　　　　　　　Debtor. | Case No.: BK-S-13-17266-MKN<br>Chapter 11<br><br>**INTERIM ORDER AUTHORIZING POST-PETITION FINANCING AS A SUPER PRIORITY ADMINISTRATIVE EXPENSE AND AS A SECURED LOAN PURSUANT TO 11 U.S.C. § 364(c)**<br><br>Interim Hearing<br>Date:　August 29, 2013<br>Time:　9:30 a.m.<br><br>Final Hearing<br>Date:　September 25, 2013<br>Time:　9:30 a.m. |

　　　　Motion for Interim Order and Final Order Authorizing Post-Petition Financing as an Administrative Expense Pursuant to 11 U.S.C. § 364 (the "*Motion*") brought herein by XTREME GREEN PRODUCTS, INC. (the "*Debtor*").  The Court held a preliminary hearing on the Motion

- 1 -

Proposed Interim Order Draft 090413v5

1  as required by section 364(c) of the Bankruptcy Code ("*Code*")[1] and Rule 4001(b) of the Federal
2  Rules of Bankruptcy Procedure ("*Rules*").  The Court has considered the Motion, any pleadings
3  filed and evidence submitted in connection therewith, and the statements of counsel, and enters the
4  following findings of fact and conclusions of law (to the extent any findings of fact constitute
5  conclusions of law, they are adopted as such, and *vice versa*).

**THE COURT HEREBY FINDS AND DETERMINES:**

A.  On August 22, 2013 ("*Petition Date*"), the Debtor filed a Voluntary Petition initiating this chapter 11 case.  The Debtor continues in possession of its assets and management of its affairs pursuant to sections 1107 and 1008 of the Code.  No trustee, examiner, or committee of creditors has been appointed in this case.

B.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

C.  The Debtor is in a position to operate its business if it gets sufficient financing.

D.  The Debtor and The Georgiou Family Trust dated 6/22/09 and/or its affiliates (the "Lender") have reached an agreement under which the Lender will provide up to $2,000,000 debtor-in-possession financing (the "DIP Loan") in order to fund the Debtor's reorganization under chapter 11 of the Bankruptcy Code. A draft of the Agreement is attached to the Motion (the "Agreement").

E.  The Debtor and the Lender have reached an agreement under which the Lender will provide $650,000 in interim debtor-in-possession financing (the "Interim DIP Loan") in order to fund the continued operation of the Borrower's business until the DIP Loan is approved.

F.  Lender's willingness to enter into the Agreement is conditioned on the interim debtor-in-possession loan ("DIP Loan") being treated as a super-priority administrative expense

---

[1] All references to the Bankruptcy Code herein are to title 11 of the United States Code, 11 U.S.C. § 101 *et seq*.

- 2 -

Proposed Interim Order Draft 090413v5

SCHWARTZER & MCPHERSON LAW FIRM
2850 S. Jones Blvd., Suite 1
Las Vegas, Nevada 89146
Tel: (702) 228-7590 · Fax: (702) 892-0122

under section 364(c)(1) of the Bankruptcy Code and first priority secured loan under section 364(c)(2) and (3) of the Bankruptcy Code.

G. The Debtor has shown by adequate evidence:

1. The Interim DIP Loan is necessary to pay the actual, necessary costs and expenses of preserving the estate.

2. The terms of the Interim DIP Loan are reasonable.

3. The Lender is extending credit to the Borrower in good faith within the meaning of section 364(e) of the Bankruptcy Code.

4. Adequate notice of the Motion and the hearing was given to creditors, shareholders, the Office of the United States Trustee and parties in interest.

5. Unsecured and non-priority loans were not available.

Based on the Findings of Fact and Conclusions of Law set forth above, it is hereby ORDERED:

1. <u>Disposition</u>. The Motion is hereby granted on an interim basis to the extent and subject to the terms set forth herein with the foregoing findings incorporated herein by reference, and Debtor and the Lender consent and stipulate thereto. Any objections to the Motion that have not previously been withdrawn or resolved are hereby overruled. This Interim Order shall be valid, binding on all parties-in-interest and fully effective immediately upon entry, and the Clerk of the Court is hereby directed to enter this Interim Order on the Court's docket for this Chapter 11 Case.

2. <u>Agreement</u>. The Agreement attached to the Motion is approved and all of its terms are enforceable by the Lender with regard to the Interim DIP Loan.

3. <u>Use of Funds</u>. The Debtor is hereby authorized to use funds provided by the Lender in accordance with, and subject to, the terms of this Interim Order and the budgets attached to the Motion, which is incorporated herein (the "*Budgets*"), or as provided in the Motion or the Agreement. Notwithstanding any relief granted in any other order entered by the Court, but subject to the terms and conditions of this Interim Order, Debtor shall not make any expenditures authorized by such orders unless, and to the extent that, such expenditures are encompassed and

Proposed Interim Order Draft 090413v5

expressly included in the Interim Order and the Budget.  The Agreement is hereby ratified and affirmed, and incorporated herein by this reference, and Debtor shall perform all of its obligations thereunder. The Debtor is authorized to repay the pre-petition secured loan from BTG EGZ Investment LLC, a Nevada limited liability company, in the principal amount of $150,000, plus interest and attorneys' fees. The Debtor is authorized to pay pre-petition "critical vendors" as identified by the Debtor in its Motion to Pay Critical Vendors.

       4.    <u>Successors</u>.  This Interim Order shall be binding upon all other parties-in-interest, including, without limitation, Debtor (and its respective successors and assigns, including, without limitation, any subsequently appointed trustee), and shall inure to the benefit of the Lender and Debtor and their respective successors and assigns (including, without limitation, any trustee, estate administrator, responsible person or representatives or other fiduciary or similar person hereafter appointed as a legal representative of Debtor, or with respect to the property of Debtor's estate), any committee of unsecured creditors appointed in this case, Debtor's creditors, and any other statutory committees appointed in this case.

       5.    <u>No Deemed Control</u>.  By consenting to this Interim Order, the Lender shall not be deemed to be in control of Debtor or its operations or to be acting as a "responsible person," "managing agent," "owner or operator", affiliate or insider with respect to the operation or management of Debtor or its assets.

       6.    <u>Subsequent Reversal or Modifications</u>.  In the event any or all of the provisions of this Interim Order are hereafter modified, amended, or vacated by a subsequent order of this or any other Court, no such modification, amendment, or vacatur shall affect the validity and enforceability of any lien or priority authorized or created hereby.  Notwithstanding any such modification, amendment, or vacatur, any claim or lien granted to the Lender hereunder arising prior to the effective date of such modification, amendment, or vacatur shall be governed in all respects by the original provisions of this Interim Order, and the Lender shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein, with respect to any such claim.

- 4 -

Proposed Interim Order Draft 090413v5

7.    <u>Adequate Notice; Notice of Final Hearing</u>.  The notice given by Debtor of the Interim Hearing was given in accordance with Rules 2002 and 4001 and the local rules of the Court.  Under the circumstances, no further notice of the request for relief granted at the Interim Hearing is required.  Promptly after the entry of this Interim Order, Debtors shall serve, by first class mail or electronic mail, a copy of this Interim Order and a notice of the Final Hearing (the "*Final Hearing Notice*"), to all parties entitled to notice thereof under the Rules and the local rules of the Court and shall file a certificate of service regarding same with the Clerk of the Court.  Such evidence shall constitute good and sufficient notice of the Final Hearing.

8.    <u>Final Hearing</u>.  The hearing to consider entry of a final order with respect to the Motion shall take place on September 25, 2013 at 9:30 a.m. (prevailing Pacific time) (the "*Final Hearing*").

9.    <u>Objection Deadline</u>.  The Final Hearing Notice shall state that any party-in-interest objecting to the relief sought at the Final Hearing shall be made in writing setting forth with particularity all facts relied upon and all grounds therefor, and shall be filed with the Court on September 13, 2013 by 5:00 p.m. (Pacific time) (the "*Objection Deadline*"), and concurrently served so as to be *actually received* by the Objection Deadline by counsel for the Debtor and counsel for the Lender

10.    <u>Binding Effect</u>.  The terms of this Interim Order shall be binding on any trustee appointed under chapter 7 or chapter 11 of the Bankruptcy Code.

Prepared by:                                                                Approved by:


/s/  Lenard E. Schwartzer                                        /s/  Candace C. Carlyon
Lenard E. Schwartzer                                              Candace C. Carlyon
Jeanette E. McPherson                                            Carlyon & Smith, PLLC
SCHWARTZER & MCPHERSON LAW FIRM           701 Bridger, Suite 850
2850 South Jones Boulevard, Suite 1                    Las Vegas, NV 89101
Las Vegas, Nevada 89146                                       *Attorney for Lender*
*Proposed Attorneys for Debtor*

- 5 -

Proposed Interim Order Draft 090413v5

1  In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

2

3  _____ The court has waived the requirement set forth in LR 9021 (b)(1).

4  _____ No party appeared at the hearing or filed an objection to the motion.

5  __X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

6

7  _____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

8

9

10  /s/ Lenard E. Schwartzer_____
Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
*Attorneys for Debtor*

11

12                                      ###

- 6 -

Proposed Interim Order Draft 090413v5